IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ARTHUR DONALD DARBY, JR.,            )
                                     )
            Plaintiff,               )
                                     )
      v.                             )            1:13CV185
                                     )
JASON PERRY,                         )
                                     )
            Defendant.               )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on an Application for Leave to Proceed In Forma Pauperis and a Complaint filed by Plaintiff Arthur Donald Darby, Jr. For the reasons set out below, the Court recommends that this action be dismissed *sua sponte* pursuant to the in forma pauperis statute, 28 U.S.C. § 1915, for failing to state a claim upon which relief can be granted.

"The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A plaintiff "fails to state a claim on which relief may be granted" when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In the context of *pro se* complaints, the Court of Appeals for the Fourth Circuit has noted that *pro se* complaints must be construed "liberally," but the Fourth Circuit has also held that courts should not "conjure up questions never squarely presented to them" or attempt to "construct full blown claims from sentence fragments." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In this regard, a court should not assume the "improper role of an advocate," but should instead examine the allegations actually before it. Id.[1] In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

---

[1] In this regard, the Court notes that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). However, the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing *pro se* complaint); see also Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("[E]ven a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679)).

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

In the present case, Plaintiff alleges in his Complaint that Defendant Jason Perry is a member of the Southern Pines, North Carolina, Police Department. Plaintiff's allegations pertain to an interaction he had with Defendant Perry, although the rambling and incoherent nature of Plaintiff's statements makes it difficult to discern exactly what Plaintiff contends happened. In the "Statement of Claim" section of Plaintiff's Complaint, he alleges that he "became accused of a Crime or may have been illegally interrogated" by Defendant Perry who "used mental coercion such as mental torture, brainwashing or drugging evidence against a defendant to me, (Arthur Donald Darby Jr.) as a drug user development in order to use statements as evidence at Trials in Moore County Courts." (Complaint [Doc. #2] at 3.)[2] Plaintiff alleges that "the Depriving ability of my civil Rights was not involved into any Law Enforcement apprehending" and Defendant Perry "proceeded to use the Plaintiff for conditions for personal involvements influence and tricky with the goal bing to obtain confession or at least admission anything that would implicate subjects in criminal behaviors." Attached to the Complaint is a January 30, 2013, letter that Plaintiff wrote to the United States Attorney General, stating that Defendant Perry asked him "to work to sell and or purchase Narcotics/Drugs from individuals residing in Moore County, North Carolina." (Letter [Doc. #2-1].) In the letter, Plaintiff states that "I believe it is very dangerous for me to impersonate a position for and as an informant working for Police Department Agencies and or National Law Enforcement

---

[2] The Court quotes Plaintiff's allegations as contained in his submissions without correction.

Security at treated." Plaintiff asks the Attorney General to advise Defendant Perry that Plaintiff wishes "not to work with him on any matters of apprehending suspects for his firm of work." (Id.)  Plaintiff states that "I don't feel safe in Moore County amongst the Law Enforcement around me and or my family's endangerment living here."  Plaintiff suggests that Defendant Perry may need the help of "Homeland Security and or a bigger agency to complete his task." (Id.) Plaintiff closes the letter by stating that "I am only in need for a righteousness railroad with constructing to profit from passenger rail ticket purchase boarding railroad for transportation after surplus."  Plaintiff does not otherwise identify the basis of his claims.  In addition, in the Complaint Plaintiff requests relief that is simply unintelligible.  Specifically, he states that, "[t]he future reality of the last Judgment on Corruption in the United States, that the exclusion of tenderers in public procurement is FRAUD" and "Causing an American Citizenship to death or sever harm to by cross firing business with dangerous and brutal to an innocent bystander." (Compl. [Doc. #2] at 3.)

Having considered Plaintiff's Complaint, the Court concludes that Plaintiff has failed to allege facts which allow the Court to reasonably infer that Defendant Perry has violated any of Plaintiff's constitutional rights or otherwise violated any federal statute.[3]  Plaintiff has therefore failed to state a claim upon which relief may be granted, and this action should be dismissed. See Ashcroft, 556 U.S. at 678.   The Court will therefore recommend that this action be

---

[3] Plaintiff fails to cite any particular statute pursuant to which he is proceeding.  Although Plaintiff alleges on his civil cover sheet that federal jurisdiction is based on diversity of citizenship, his Complaint alleges that all parties reside in North Carolina.

4

dismissed without prejudice.  Plaintiff's request to proceed in forma pauperis will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that in forma pauperis status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief may be granted.

This, the 20th day of March, 2013.


/s/ Joi Elizabeth Peake
United States Magistrate Judge